IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERIC DESMOND RUSSELL                                                              PLAINTIFF

v.                                      Civil No. 4:22-CV-04020

NURSE S. KING (Medical Team                                   DEFENDANT
Administrator, Miller County)

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's "Motion for Immediate Injunction." (ECF No. 11).

## I. BACKGROUND

Plaintiff filed his Complaint on February 25, 2022. (ECF No. 1). He alleges that he is incarcerated in the Miller County Detention Center ("MCDC"), and Nurse King ignored his medical records and abruptly stopped his diabetic medications, including insulin, on December 18, 2021. (*Id.* at 4-5). Plaintiff alleges Nurse King also stopped his daily blood sugar checks. (*Id.* at 5). Plaintiff further alleges that Nurse King falsified documents and answered the grievances Plaintiff filed against him in order to "hide the truth" of Plaintiff's claims. (*Id.* at 5). Plaintiff seeks compensatory damages. (*Id.* at 9).

Plaintiff filed his Motion for injunctive relief on May 3, 2022. (ECF No. 11). In his Motion, Plaintiff alleges that Nurse King is retaliating against him for filing this lawsuit, and has denied him the opportunity to be seen by another "care physician/doctor" for a swollen leg, weight gain, and fluid in his ear. (*Id.* at 1-2). He alleges Nurse Rosa, Nurse Lisa, and Nurse Chelsea have

1

been trying to get him seen by a doctor, but "Nurse King is still refusing proper medical care. As soon as Nurse King see[s] my name on the Doctor list" he removes my name. (*Id*. at 2). He alleges he should have been seen on April 12, 2022. (*Id*.). Plaintiff asks the court to:

> Prevent King from his continual denial of my medical attention. I'm also asking King be instructed to allow all medical treatment and that he has no longer access to any medical treatments involving myself. [F]rom his actions alone pose an immediate danger to my wellbeing. As a person in need if adequate medical without delay for my chronic medical conditions.

(*Id*.). The Court will interpret this statement as a request for the Court to prohibit Nurse King from being involved in any further medical care for Plaintiff, to order that Plaintiff have access to another medical provider immediately, and to order that all medical advice from the new medical provider be followed at MCDC.

Plaintiff filed a supplement to his Motion on May 25, 2022. (ECF No. 14). Plaintiff alleges that Nurse King, a former correctional officer at MCDC, refuses to let him see a doctor and fails to follow through on doctor's orders. (*Id*. at 1, 3-4). Plaintiff's allegations are difficult to follow, but he appears to state he was placed on new medication for his high blood pressure and was placed on antibiotics for an infection. (*Id*. at 1). He states the doctor ordered lab work, but, although he received his EKG and chest x-ray promptly, Nurse King waited a week to send him for his "lab work blood-test." (*Id*.). He alleges Nurse Chelsea had to order his medical background records "two and a half months later," because those medical records were not at MCDC, and poses the hypothetical question "what records was King looking at?" when he stopped his diabetic medications. He alleges that the doctor ordered a two-week follow-up for a lump on the back of his neck, and a two-week follow-up after Plaintiff finished a course of antibiotics. (*Id*. at 1-2). Plaintiff alleges Nurse King has not permitted these follow-up appointments, and has not ordered the recommended lab tests. (*Id*.). Plaintiff alleges he is still getting charged for chronic care,

2

which should be free. (*Id*. at 4). He repeats the allegation that Nurse King takes his name off the list to see the doctor. (*Id*.).

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).

While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976). The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). In addition, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

## III. ANALYSIS

Plaintiff has not met his *Dataphase* burden. Preliminary relief is granted "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Plaintiff's request for the Court to order Nurse King to stop retaliating against him and provide proper medical care essentially asks the Court to grant the ultimate relief sought in his Complaint, without the inconvenience of having to first prove that any retaliation occurred. Thus, his request is not one that asks to preserve the status quo, and is not an appropriate use for an injunction. *See WarnerVision Ent. Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996) ("The purpose of a preliminary injunction is not to give the plaintiff the ultimate relief it seeks."); *Sanborn Mfg. Co. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 490 (8th Cir.1993) (affirming the denial of a request for preliminary injunction as seeking improper injunctive relief, because the motion asked for an affirmative action to correct an alleged issue before that issue had been decided on the merits).

Plaintiff has not demonstrated either a likelihood of success on the merits or that he will suffer any irreparable harm if injunctive relief is denied. Plaintiff does not indicate he is still being denied diabetic medication or treatment. Additionally, based on the allegations in his Motion and Supplement, he is receiving medical care for several health issues, including chronic care appointments. The primary allegation in the Motion is that he is not receiving the desired medical care as frequently or as quickly as he desires. However, the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009). Thus, Plaintiff has failed to demonstrate either a likelihood of success on the merits or that he will suffer any irreparable harm if injunctive relief is denied.

The Court notes the Defendant has not specifically responded to the Motion at issue here. However, as noted above, the Motion is simply a request to get the relief prayed for in the Amended Complaint and the Defendant has filed his Answer, denying the allegation of the Amended Complaint.

While not necessary to the conclusion here, the Court will also consider the harm and injury to Defendants if an injunction is granted and assess whether the issuance of an injunction would be in the public interest. In assessing the public interest, it must be remembered that "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). Granting injunctive relief at this point based on Plaintiff's unsubstantiated allegations would amount to direct interference by the Court with the operation and administration of the MCDC, which is harmful to Defendants and does not serve any public interest.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's "Motion for Immediate Injunction" (ECF No. 11) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **29th day of August 2022**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE