IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERIC DEMOND RUSSELL                                                                                    PLAINTIFF

v.                                        Civil No. 4:22-cv-04020-SOH-BAB

NURSE S. KING                                                                                          DEFENDANT
(Medical Team Administrator, Miller County)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Defendant's Motion for Summary Judgment. (ECF No. 26).

**I. BACKGROUND**

Plaintiff filed his Complaint on February 25, 2022. (ECF No. 1). He filed an Amended Complaint on March 7, 2022. (ECF No. 6). He alleges that he is incarcerated in the Miller County Detention Center ("MCDC"), and Defendant King ignored his medical records and abruptly stopped his diabetic medications, including insulin, on December 18, 2021. (*Id*. at 4-5). Plaintiff alleges he made this decision without doing any bloodwork. (*Id*.). Plaintiff alleges Defendant King also stopped his daily blood sugar checks. (*Id*. at 5). Plaintiff alleges this has resulted in his body being "off-balance," loss of energy, "[illegible] eye safe vission,"[1] and weight loss. (*Id*. at 4-5). Plaintiff does not state how much weight he has lost. Plaintiff further alleges that Nurse King falsified documents and answered the grievances Plaintiff filed against him to "hide the truth"

---

[1] Plaintiff's initial Complaint alleged blurry vision. (ECF No. 1 at 4-5).

1

of Plaintiff's claims. (*Id*. at 5). When Plaintiff tried to talk to him about his medical care it "cost lock-up." The Court will interpret this to mean Plaintiff received a disciplinary charge for questioning Defendant King about his care.

Plaintiff proceeds against Defendant King in both his official and individual capacities. (*Id*. at 5). As his official capacity claim, Plaintiff alleges he was not provided with a safe environment, documents were falsified, and Defendant King answered the grievances against him. (*Id*. at 5). He seeks compensatory damages. (*Id*. at 9).

On October 7, 2022, several items of mail sent to Plaintiff were returned as undeliverable. (ECF Nos. 23, 24, 25). The deadline for Plaintiff to submit his new address was set for November 7, 2022. (*Id*.).

Defendant King filed his Motion for Summary Judgment on November 4, 2022. (ECF No. 26). He argues summary judgment in his favor is appropriate for four reasons. First, he was not deliberately indifferent to Plaintiff's medical needs and any changes to Plaintiff's medication were done at the order of a higher-level medical provider. (ECF No. 27 at 6). He further notes the clinical data indicated Plaintiff's diabetes had been poorly controlled prior to entering MCDC and was well-controlled during his incarceration. (*Id*. at 6). Furthermore, the decision to reduce Plaintiff's blood sugar checks to once a week was made by a higher-level medical provider and the decision to do so was prompted by the stabilization of Plaintiff's blood sugar levels. (*Id*.). During Plaintiff's incarceration, his blood sugar levels remained at an acceptable level, and he lost only 6 pounds over the course of 18 weeks. (*Id*.). Plaintiff's medical records support Defendant King's affidavit. (ECF No. 28-2). In particular, the medical records indicate Plaintiff's Metformin

was raised to 1000 mg on December 9, 2021.[2] (ECF No. at 3). On December 28, 2021, Plaintiff complained that the 1000 mg was bothering his stomach. Nurse Practitioner K. McCann noted that Plaintiff's blood sugar levels were currently stable and reduced his Metformin back to 500 mg. (ECF No. 28-2 at 18).

Second, Defendant King argues that he never retaliated against Plaintiff for complaining about his medical care by having him "locked up." (*Id*. at 7). Plaintiff received only one disciplinary charge at MCDC, and that was brought for assaulting another inmate. (*Id*.). Although Plaintiff did "voice some disagreements," to King concerning his medical care, Plaintiff never received a disciplinary charge for doing so. (*Id*.).

Third, Plaintiff's allegations that Defendant King failed to provide a safe environment, falsified documents, and answered the grievances against him, are untrue. Further, even if assumed to be true, fail to state an official capacity claim. (*Id*. at 8). Fourth, Plaintiff has not met "proof with proof" concerning his claims. (*Id*. at 9).

On December 28, 2022, Plaintiff filed a Motion for Extension of Time to file a discovery motion, which was denied as untimely.[3] (ECF Nos. 29, 30). On January 5, 2023, the Court entered a Show Cause Order directing Plaintiff to show cause for his failure to timely notify the Court of his address change. (ECF No. 31). Plaintiff filed another discovery motion on January 17, 2023, which was also denied as untimely. (ECF Nos. 32, 37). On January 19, 2023, mail to Plaintiff was again returned as undeliverable, indicating Plaintiff was no longer at MCDC. The mail was re-sent to the Arkansas Division of Correction. (ECF No. 34). Plaintiff filed his Response on

---

[2] The physician signature for this is difficult to read. The Court will not speculate as to the physician who made the order.
[3] In the Court's Initial Scheduling Order, the discovery deadline was set for November 3, 2022, (ECF No. 17 at 2).

3

January 30, 2023, stating he had informed the Court of his new address in *Russell v. Pilgreen*, Case No. 4:22-cv-04024.  (ECF No. 35).  Plaintiff was advised that he must submit a Notice of Address change in each case pending before the Court.  (ECF No. 37).

On January 31, 2023, the Court entered an Order directing Plaintiff to submit his Summary Judgment Response by February 21, 2023.  (ECF No. 38).  When Plaintiff failed to do so, the Court entered a Show Cause Order directing Plaintiff to Show Cause for his failure to submit his Response.  (ECF No. 39).

Plaintiff filed his Response on February 28, 2023.  (ECF No. 40).  The Response fails to include a Separate Statement of Disputed Facts as required by the Local Rules and the Court's Order.  Plaintiff does not dispute Defendant's Summary Judgment arguments or facts.  Instead, he argues that he did not receive "proper discovery."  (*Id*. at 2-3).  Plaintiff does not identify what evidence is missing or how it supported his case.

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.  ANALYSIS

#### A.  Plaintiff's Failure to Comply with Local Rules

Local Rule 56.1(a) requires any party moving for summary judgment to submit a separate statement of undisputed material facts. Local Rule 56.1(b) requires the non-moving party opposing the summary judgment motion to file a separate statement of disputed facts. *Pro se* inmates are advised of this requirement in the Order directing them to file a summary judgment response. *Pro se* inmates are also advised of this requirement in the District's Prisoner Litigation Guide, which contains an example to help them understand the concept of using the same paragraph numbering as that used by the moving party in their own statement of disputed facts.

Due to Plaintiff's failure, Defendant King's Statement of Fact is deemed admitted pursuant to Local Rule 56.1(c). In determining whether there are genuine disputes of material fact, however, the Court has also considered the allegations set forth in Plaintiff's verified Amended Complaint. A verified complaint is the equivalent of an affidavit for summary judgment purposes. *See, e.g., Roberson v. Hayti Police Dep't.*, 241 F.3d 992, 994-95 (8th Cir. 2001). "[A] complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint . . . ." *Id*. As the Court in *Roberson* pointed out, "[a]lthough a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit to survive the summary judgment motion.

5

*Id.* The Court will, therefore, "piece[] together [Plaintiff's] version of the facts from the verified complaint . . . ." *McClanahan v. Young*, No. 4:13-cv-04140, 2016 WL 520983, *1 (D.S.D. Feb. 5, 2016).

### B. Plaintiff's Claims

Plaintiff's allegations concerning medical care and First Amendment retaliation for complaining about that care are contradicted by the summary judgment record. As discussed above, Defendant King's facts are deemed admitted. Defendant King has provided both a sworn declaration and objective evidence showing Plaintiff received constitutionally adequate medical care at MCDC, and there was no retaliation for any complaints about his medical care. Plaintiff does not dispute any of Defendant King's arguments or facts concerning either claim. Plaintiff's Response fails to provide any objective evidence to counter that provided by Defendant King.[4] Plaintiff's verified Complaint provides only vague and conclusory statements insufficient to counter the objective medical records provided by Defendant King. As the non-moving party, Plaintiff has the burden to show there is sufficient evidence to support a jury verdict in his favor. *See*, *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)) ("[Non-moving party] must show there is sufficient evidence to support a jury verdict in their favor."). Plaintiff has failed to meet that burden.

Plaintiff's claims are contradicted by the summary judgment record such that no reasonable jury could believe them. Accordingly, Defendant King is entitled to summary judgment as a matter of law.

---

[4] Plaintiff attached copies of a Motion Response, a letter, and a copy of the docket sheet. None of these documents constitute objective evidence concerning either his medical care or First Amendment retaliation.

6

## IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 6) be DISMISSED WITH PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **21st day of April 2023**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE